UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINA DONOHUE and ALYCE LACEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CLOROX COMPANY,<br><br>Defendant. | Case No. 7:22-cv-10450-PMH<br><br>**ESI PROTOCOL ORDER** |

Plaintiffs Tina Donohue and Alyce Lacey ("Plaintiffs") and Defendant The Clorox Company ("Defendant"), submit the following [PROPOSED] ESI Protocol. The parties, through their respective counsel, agree to produce documents and electronically stored information in this case in accordance with certain specifications and jointly move the court for Entry of the following ESI Protocol. Upon consideration, the Court finds that the parties' Joint Motion should be and hereby is **GRANTED**. The ESI Protocol is outlined below.

1. *General Provisions and Rights*

The Parties agree that this Protocol will serve as a guideline for any document request issued to a Producing Party in this matter. Any party may seek to modify the provisions of this Protocol for good cause after a substantive meet and confer.

Nothing in this Protocol alters a party's rights, obligations, and responsibilities under the applicable Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York. The Parties reserve all objections under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

1

2.  *ESI Sources*

ESI Sources do not include ESI outside the custody and/or control of the Producing Party, nor do ESI Sources include discovery regarding ESI that is not reasonably accessible. If the Producing Party determines that a source of ESI is not "reasonably accessible," pursuant to Fed. R. Civ. P. 26(b), the Parties will meet and confer as to the accessibility of the ESI.

3.  *ESI Management Software: Describe the software each party intends to use to manage any ESI produced in this matter and identify the Information Technology personnel primarily responsible for assisting counsel with the production and management of ESI in this matter.*

At this time, Plaintiffs intend to use Logikcull and its IT personnel to manage and review any ESI produced in this matter. Plaintiffs reserve the right to revise and/or supplement this response as additional information becomes available.

At this time, Defendant intends to use FTI and its IT personnel to manage and review any ESI produced in this matter. Defendant reserves the right to revise and/or supplement this response as additional information becomes available

4.  *Metadata: Identify the potential sources of metadata in this matter and each party's use of metadata in this matter*

To the extent available, the parties will use the following metadata fields in the metadata load file as described below, which should be populated by the party or the party's vendor. The parties will make reasonable efforts to ensure that metadata fields automatically extracted from the documents are correct, however, the parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process.

Each of the following metadata and index fields that can be derived from its source, collection, or production or, with respect to internal metadata, and reasonably extracted from a document will be produced for that document: (1) beginning bates number and ending bates

number; (2) beginning and ending attachment number (as to e-mail); (3) document type; (4) document extension (as to e-document and e-mails); (5) author; (6) recipient, cc, and bcc (as to e-mail); (7) sent date (as to e-mail); (8) received date (as to e-mail); (9) create date (as to e-document); (10) last modified date (as to e-document); (11) sent date of parent date-mail; (12) custodian; and (13) associated native file (if applicable).

5. ***ESI Format: Set forth the format in which each party will produce ESI in this matter***

The Parties agree to produce ESI in the following formats:

<u>Document Image Format</u>: The parties agree to produce ESI in a reasonably usable form. The producing party shall produce documents in single-page "TIFF" format.

- Load files of the static images shall be created and produced together with their associated static images to facilitate the use of the produced images by a document management or litigation support database system.

- For files produced as TIFF images, each page of a document shall be electronically saved as an image file. If a document consists of more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original when creating the image files. The producing party shall produce a unitization file for all produced documents.

- Where documents maintained in the ordinary course of business contain searchable text, text files shall be produced reflecting the full text that has been electronically extracted from the documents, including any hidden text. Where such documents are no longer searchable because they have been converted to static images by the producing party, the producing party shall provide OCR text files.

- For files produced in the document image format, each page of a produced document, shall have a legible, unique page identifier bates number electronically "burned" onto the image in such a manner that information from the source document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the document image unless a document qualifies for confidential treatment pursuant to the terms of the protective order entered by this Court in this litigation, or has been redacted in accordance with applicable law or Court order.

- Parties shall employ reliable de-duplication and email threading technology and make best efforts to avoid producing multiple electronic copies of the same documents, provided:(1) any different versions of the same documents are produced; and (2) all relevant/responsive attachments to any version are produced.

Native File Format: A party shall have the option to produce ESI in native format; provided, however, that all Excel spreadsheets, similar spreadsheet files, or data sets must be produced in native format, unless any such documents are available only in hard-copy format. All documents produced solely in Native format should (i) have an assigned document level Bates number, (ii) be renamed according to the assigned Bates number, and (iii) have a "nativepath" populated along with the metadata load file pursuant to Section 4. Native file productions shall also be accompanied by a single slip sheet TIFF image with the Bates number and any confidentiality designation associated with that document.

Metadata: Each party will produce metadata fields associated with each electronic document produced in TIFF format (to the extent such metadata exists in the collected documents). The parties are not obligated to populate manually any metadata fields, except for the custodian field, if such fields cannot automatically be extracted from a document. To the extent any ESI contains information subject to a claim of privilege or any other applicable protection, its respective metadata may be redacted or withheld.

6.  *Search Protocol for identifying and reviewing relevant ESI (e.g., search terms, predictive coding, etc.)*

The parties will meet and confer to discuss methods to reduce the number of documents to be reviewed during the discovery process. Such methods may include, but are not limited to, the use of any search terms, predictive coding, document custodians, and date restrictions.

The producing party will apply any agreed-upon search terms and report results by search term to allow counsel to work together to refine the search term list if needed. This process may include reviewing sampling results, in which case the producing party's counsel will report the size of the sample, the number of responsive documents identified in the sample, and the types of false hits identified in the sample review. Counsel will use this process to refine the search terms

4

until they have reached agreement or decided that judicial intervention is required. The producing party will then apply any agreed-upon search terms to the ESI of custodians on the custodian list and review the resulting population of ESI for responsiveness, privilege, etc. to prepare to produce to the requesting party.  The producing party will produce responsive ESI on a rolling basis.

7.      *Efforts to Preserve Potentially Relevant ESI*

Plaintiffs' counsel has instructed Plaintiffs to preserve all potentially relevant documents, information, and potential metadata in this case, including documents and information maintained in electronic format. Plaintiffs are unaware of any unresolved issues pertaining to preserving ESI in this matter.

Defendant likewise has a legal hold in place to preserve all potentially relevant ESI.

8.      *Cost Allocation/Savings*

The parties do not have an agreement on allocating the costs associated with producing ESI.

9.      *Claw Back Agreement*

The Parties agree to the following claw back provision:

Pursuant to Federal Rule of Evidence 502(d), the Parties agree that inadvertent disclosure to another party of any document that is subject to a legitimate claim that the document should have been withheld from disclosure based on attorney-client privilege, the work product doctrine, or any other privilege shall not constitute waiver of that privilege.  Upon identification of any inadvertently produced information and/or documents, the Producing Party shall provide the Receiving Party written notification identifying the document or information that has been inadvertently disclosed and stating the privilege under which the document or information is allegedly protected.  Upon receipt of such written notification, the Receiving Party shall, within three (3) business days, return to the Producing Party each inadvertently disclosed document and any and all copies of that document in the Receiving Party's possession, custody, or control.  The return or inadvertently disclosed documents under this paragraph shall not prevent any Party from asserting specific objections to any claims of privilege regarding such documents as could normally be made.

The Parties request that this claw back provision apply in this case.

| | |
|---|---|
| Date: March 21, 2024. | Respectfully submitted, |
| | /s/  *Stephen J. Fearon, Jr.* |
| | Stephen J. Fearon, Jr. |
| | Paul Sweeny |
| | **Squitieri & Fearon, LLP** |
| | 305 Broadway, 7th Floor |
| | New York, New York 10007 |
| | (212) 421-6492 |
| | stephen@sfclasslaw.com |
| | paul@sfclasslaw.com |

**ATTORNEYS FOR PLAINTIFFS**

/s/  *Lindsey Heinz*
Lindsey Heinz
Andre Dominic Tinoco , Jr
**Shook, Hardy & Bacon L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
816-559-2931
lheinz@shb.com
atinoco@shb.com

**ATTORNEYS FOR DEFENDANT**

| | |
|---|---|
| Dated:  White Plains, New York | **SO ORDERED.** |
| March 22, 2024 | |
| | _____ |
| | PHILIP M. HALPERN |
| | United States District Judge |

6